FILED
2015 MAY 29  PM 3:55
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH,

   Plaintiff,

-v-

Case No. 6:15-cv-869-ORL-41-GJK

COURTESY TOYOTA; AUTONATION
IMPORTS OF WINTER PARK, INC.;
SOUTHEAST TOYOTA FINANCE; WORLD
OMNI FINANCIAL CORP.; EXPERIAN
INFORMATION SOLUTIONS, INC.,

   Defendants.

## COMPLAINT

Plaintiff, LARRY RUMBOUGH, hereby sues Defendants, COURTESY TOYOTA; AUTONATION IMPORTS OF WINTER PARK, INC.; SOUTHEAST TOYOTA FINANCE; WORLD OMNI FINANCIAL CORP.; EXPERIAN INFORMATION SOLUTIONS, INC.; and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p.

3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b.

4. This is an action for damages which exceed $75,000.00.

5. Plaintiff, LARRY RUMBOUGH, is a natural person and is a resident of the State of Florida.

6. Defendant, COURTESY TOYOTA ("Courtesy") is a fictitious name owned by AutoNation Imports of Winter Park.

7. Defendant, AUTONATION IMPORTS OF WINTER PARK, INC.; ("AutoNation"), is a Delaware corporation, authorized to do business in Florida.

8. Defendant, SOUTHEAST TOYOTA FINANCE ("Southeast") is a fictitious name owned by the defunct entity World Omni Finance Corp.

9. Defendant, WORLD OMNI FINANCIAL CORP. ("World") is a Florida corporation.

10. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is an Ohio corporation, authorized to do business in Florida.

11. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

12. On May 31, 2010, Plaintiff purchased a vehicle from Courtesy.

13. Courtesy assured Plaintiff that his credit report would be obtained only once from Equifax.

14. Based on this credit report, Plaintiff was approved for a vehicle loan by Courtesy.

15. On May 31, 2010, after completing the purchase of the vehicle, Courtesy, AutoNation, Southeast, and World again obtained Plaintiff's credit report from Equifax without Plaintiff's knowledge.

16. On June 1, 2010, Courtesy, AutoNation, Southeast, and World obtained Plaintiff's credit report from Experian without Plaintiff's knowledge.

17. On June 1, 2010, Courtesy, AutoNation, Southeast, and World obtained Plaintiff's credit report from Trans Union without Plaintiff's knowledge.

18. Experian provided Plaintiff's consumer report to Courtesy, AutoNation, Southeast, and World on June 1, 2010 without verifying that those entities had a permissible purpose to obtain it.

19. Plaintiff has requested that Courtesy, AutoNation, Southeast, and World explain why they obtained his credit report an additional three times after the vehicle purchase was completed. They have declined to answer this question. Plaintiff is unaware if these entities had a permissible purpose to do so.

20. Plaintiff has repeatedly demanded that Experian provide Plaintiff with his entire credit file, including information on these inquiries. Experian has always ignored these demands.

21. On May 5, 2015, Plaintiff sent a dispute letters to Experian regarding inaccuracies on his credit report reported by World.

22. On May 18, 2015 Experian sent Plaintiff a letter refusing to respond to Plaintiff's dispute letter. Experian falsely claimed that Plaintiff's letter was suspicious, even though Plaintiff's letter was identical in format to letters that he has been sending Experian for many years, was signed by him, and included a copy of his drivers license and social security card.

23. Experian's excuse for refusing to launch a reinvestigation was transparently false and contrived.

**COUNT I**
**VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681**
**BY DEFENDANTS COURTESY, AUTONATION,**
**SOUTHEAST, WORLD, AND EXPERIAN**

24. Paragraphs 1 through 23 are realleged as though fully set forth herein.

25. Plaintiff is a consumer within the meaning of §1681a(c).

26. Experian is a consumer reporting agencies as defined in §1681(f), regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for

the purpose of furnishing consumer reports as defined in §1681(a)(b), to third parties for monetary compensation.

27. World is a furnisher of information within the meaning of §1681s-2.

28. Courtesy, AutoNation, Southeast, and World violated the FCRA. Defendants' violations include, but are not limited to, the following:

(a) Courtesy, AutoNation, Southeast, and World willfully violated §1681b(f) by willfully using false pretenses or knowingly without a permissible purpose to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose as defined by §1681b;

(b) Experian failed, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report;

(c) Experian failed to provide all of the information on file, in violation of §1681(g);

(d) Experian failed to provide trained personnel to explain to Plaintiff the information in his file, in violation of §1681(h)(c);

(e) Experian failed to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, in violation of §1681(i)(a);

(f) Experian failed to properly advise Plaintiff of his ability to make a consumer explanation;

(g) Experian failed to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff;

(h) Experian failed to permanently correct Plaintiff's report after notification by Plaintiff;

(i) Experian failed to properly reinvestigate Plaintiff's disputes;

(j) Experian concealed from or misrepresented facts to Plaintiff regarding his report.

WHEREFORE, Plaintiff demands judgment for damages against Courtesy, AutoNation, Southeast, World, and Experian for actual or statutory damages, and punitive damages, attorney's fees and court costs, and grant such other and further relief as the court deems just and proper, pursuant to 15 U.S.C. §1681(n) and 15 U.S.C. §1681(o).

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: May 29, 2015

Respectfully submitted,

*Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859