UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LARRY RUMBOUGH,**

    **Plaintiff,**

v.                                         **Case No:  6:15-cv-869-Orl-41GJK**

**COURTESY TOYOTA, AUTONATION
IMPORTS OF WINTER PARK, INC.,
SOUTHEAST TOYOTA FINANCE,
WORLD OMNI FINANCIAL CORP.
and EXPERIAN INFORMATION
SOLUTIONS, INC.,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant Southeast Toyota Finance and Defendant World Omni Financial Corporation's ("Moving-Defendants") Motion to Compel Arbitration and to Dismiss Complaint or Stay Proceedings (the "Motion to Compel," Doc. 7). Local Rule 3.01(g) commands that "any motion in a civil case" shall contain certification that the moving party conferred with the opposing party "in a good faith effort to resolve the issues raised by the motion." Such certification requirement does not apply to motions "to dismiss for failure to state a claim" or to, otherwise, "involuntarily dismiss an action." *Id.*

Here, the Motion to Compel neither includes certification pursuant to Local Rule 3.01(g) nor is exempted therefrom. As to the latter point, while the motion alternatively pursues dismissal, the crux of the motion is to compel arbitration and to correspondingly stay this case. *See* 9 U.S.C. § 3 (only permitting a "stay" pending arbitration); *see also Perera v. H & R Block E. Enters., Inc.*,

914 F. Supp. 2d 1284, 1289–90 (S.D. Fla. 2012).[1] Thus, the Motion to Compel will be denied without prejudice.

Accordingly, it is **ORDERED** and **ADJUDGED** that the Motion to Compel Arbitration and to Dismiss Complaint or Stay Proceedings (Doc. 7) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on December 4, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] The Motion to Compel also suffers from other deficiencies. For example, to compel arbitration, the Moving-Defendants rely on an arbitration provision within the Retail Installment Sale Contract (Doc. 7-2). The Moving-Defendants are not parties to that agreement; rather, they aver that the agreement was assigned to them by the seller, (Mot. Compel at 2–3), but fail to attach any evidence of such an assignment. Another example is that the Motion to Compel pursues a stay of the entire case but fails to address how the Motion to Compel would dispose of the claims as to the non-moving Defendants. In fact, one such Defendant recently withdrew a similar motion to compel, (*see* Def. Courtesy Toyota's Notice of Withdrawal, Doc. 21; *see also* Def. Courtesy Toyota's Mot. Compel Arbitration, Doc. 15), opting instead to file an Answer (Doc. 20).