UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LARRY RUMBOUGH,**

      **Plaintiff,**

v.                                                           **Case No: 6:15-cv-869-Orl-41GJK**

**COURTESY TOYOTA, AUTONATION
IMPORTS OF WINTER PARK, INC.,
SOUTHEAST TOYOTA FINANCE,
WORLD OMNI FINANCIAL CORP.
and EXPERIAN INFORMATION
SOLUTIONS, INC.,**

      **Defendants.**
_____/

### ORDER

THIS CAUSE is before the Court on Defendant World Omni Financial Corp. d/b/a Southeast Toyota Finance's ("World Omni")[1] Amended Motion to Compel Arbitration and to Dismiss Complaint or Stay Proceedings (the "Motion to Compel," Doc. 29), to which Plaintiff responded, (*see* Resp., Doc. 30). For the reasons set forth below, this case will be stayed as to World Omni.

In the instant case, as relevant, Plaintiff alleges that World Omni obtained Plaintiff's credit report without authorization, in violation of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.* (Compl., Doc. 1, ¶¶ 15–17, 28). According to World Omni, such claims are subject to arbitration based on an agreement between Plaintiff and Courtesy Toyota Scion (the "Agreement," Ex. B to Mot. Compel, Doc. 29-2) that coincided with Plaintiff's May 31, 2010

---

[1] While Plaintiff separately names Defendant World Omni Financial Corp. and Defendant Southeast Toyota Finance, Plaintiff concedes that the latter is a fictitious name of the former. (*See* Compl., Doc. 1, ¶¶ 8–9). For purposes of this Order, those Defendants will be treated as one.

purchase of a Toyota Prius. Particularly, above Plaintiff's signature, the Agreement states, "You acknowledge that you have read both sides of this contract, including the arbitration clause on the reverse side, before signing below." (*Id.* at 2). The arbitration clause states,

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or *assigns*, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

(*Id.* at 4 (emphasis added)). World Omni maintains that it is an assignee of Courtesy Toyota Scion. (Mot. Compel at 3). In support, World Omni refers to an assignment provision in the Agreement, which states that "Seller assigns its interest in this contract to WORLD OMNI FINANCIAL CORP." (Agreement at 2).

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, "broadly provides that a written provision in 'a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (quoting 9 U.S.C. § 2). "The Supreme Court has interpreted that statutory pronouncement as 'a congressional declaration of a liberal federal policy favoring arbitration agreements.'" *Anders v. Hometown Mortg. Servs., Inc.*, 346 F.3d 1024, 1029 (11th Cir. 2003) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). "The FAA places arbitration agreements on equal footing with all other contracts and sets forth a clear presumption—'a national policy'—in favor of arbitration." *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1146 (11th Cir. 2015).

Here, while the Agreement subjects to arbitration "the interpretation and scope of [the Agreement] and the arbitrability of the claim or dispute," (Agreement at 4); *see also Given v. M & T Bank Corp. (In re Checking Account Overdraft Litig.)*, 674 F.3d 1252, 1255 (11th Cir. 2012) (per curiam) (noting that arbitration of the "gateway question"—"whether the arbitration agreement covers a particular controversy"—is permitted so long as there exists "clear and unmistakable" evidence of "intent to arbitrate a gateway question" (quotation omitted)), Plaintiff seems to challenge the existence of the Agreement, *see Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 854 (11th Cir. 1992) (distinguishing between challenges to the existence of an agreement and the validity of an existing agreement). Particularly, Plaintiff suggests that he never signed the Agreement and that the assignment is not valid. (Resp. ¶¶ 3, 5). Both questions are for the Court, not the arbitrator. *See Chastain*, 957 F.2d at 854 ("[T]he district court itself must first decide whether or not the non-signing party can nonetheless be bound by the contractual language." (emphasis omitted)); *see also Wheat, First Sec., Inc. v. Green*, 993 F.2d 814, 819 (11th Cir. 1993) ("[T]he district court correctly determined that it, and not an arbitrator, must decide the threshold question of whether an arbitration agreement existed.").

Nevertheless, "a party seeking to avoid arbitration must unequivocally deny that an agreement to arbitrate was reached and must offer some evidence to substantiate the denial." *Magnolia Capital Advisors, Inc. v. Bear Sterns & Co.*, 272 F. App'x 782, 785 (11th Cir. 2008) (per curiam) (citing *Chastain*, 957 F.2d at 854). In other words, "a party resisting arbitration" must "substantiate[] the denial of the contract with enough evidence to make the denial colorable." *Id.* (quoting *Wheat, First Sec.*, 993 F.2d at 819). Other than comment on the "sloppi[ness]" of the assignment's font, (Resp. ¶ 3), Plaintiff offers nothing to show that it was invalid. Additionally, other than alleging that he neither recognizes nor recalls signing the Agreement, Plaintiff makes

no showing that the signature on the document is not his. *See Herrera Cedeno v. Morgan Stanley Smith Barney, LLC*, —F. Supp. 3d—, No. 1:15-cv-24244-UU, 2016 WL 75436, at *5 (S.D. Fla. Jan. 6, 2016) ("Plaintiff's argument that he did not receive the Agreement, on its own, is not relevant to this Court's consideration in determining whether the Agreement is enforceable under the FAA."). That Plaintiff rejected a separate arbitration agreement with Courtesy Toyota Scion has little bearing on the arbitration provision in the Agreement at issue. Thus, the parties will be compelled to arbitrate.

Lastly, World Omni requests dismissal or, in the alternative, a stay pending arbitration. "The FAA provides for stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration, and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." *Waffle House*, 534 U.S. at 289 (citing 9 U.S.C. §§ 3, 4). While the FAA speaks to a "stay" of litigation, 9 U.S.C. § 3, World Omni offers no binding authority requiring dismissal, *cf. Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1379 (11th Cir. 2005) (published opinion affirming dismissal based on arbitration agreement).[2] Therefore, the case will be stayed as to World Omni, not dismissed.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant World Omni Financial Corp. d/b/a Southeast Toyota Finance's Amended Motion to Compel Arbitration and to Dismiss Complaint or Stay Proceedings (Doc. 29) is **GRANTED in part** and **DENIED in part**.

---

[2] It does not appear that a stay, in lieu of dismissal, would be purposeless. *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1268–70, 1270 & n.5 (11th Cir. 2015). If, for example, the arbitrator determined that the FCRA claim is not arbitrable, then, presumptively, the stay could be lifted, and this case could proceed against World Omni.

2. Plaintiff is compelled to submit his claims against Defendants World Omni Financial Corp. and Southeast Toyota Finance to arbitration.

3. This case is **STAYED** as to Defendants World Omni Financial Corp. and Southeast Toyota Finance.

4. On or before **July 15, 2016**, and every 90 days thereafter, Plaintiff shall file a Report as to the status of the arbitration. Additionally, within 14 days of the resolution of the arbitration proceedings, Plaintiff shall notify the Court.

**DONE** and **ORDERED** in Orlando, Florida on April 14, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party