UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH,

    Plaintiff,

Case No. 6:15-cv-869-Orl-41GJK

-v-

COURTESY TOYOTA; AUTONATION
IMPORTS OF WINTER PARK, INC.;
SOUTHEAST TOYOTA FINANCE; WORLD
OMNI FINANCIAL CORP.; EXPERIAN
INFORMATION SOLUTIONS, INC.,

    Defendants.

## PLAINTIFF'S MOTION TO VACATE COURT'S ORDER OF APRIL 14, 2016 PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)

Plaintiff hereby files his Motion to Vacate Court's Order of April 14, 2016 Pursuant to Federal Rule of Civil Procedure 60(b), and states:

1. As outlined in Plaintiff's Verified Response to Defendant's Amended Motion and Memorandum to Compel Arbitration and to Dismiss Complaint or Stay Proceedings of January 4, 2016, Plaintiff conclusively demonstrated in this verified statement and accompanying documentation that there has never been an arbitration agreement between Plaintiff and World Omni Financial Corp.

2. In spite of these undisputed facts and document, the Court ordered arbitration between the parties. This ruling should be vacated for the reasons outlined below.

### Fed.R.Civ.P. 60(b)(1) Mistake

3. The Court's Order seemingly required Plaintiff to prove that he had not signed the alleged document contemplating arbitration. This is an impossible task.

4. The Court should have instead required World Omni to prove that there was an arbitration agreement between it and Plaintiff. World Omni utterly failed to do so despite having two chances. World Omni ignored the Court's admonition to show proof of assignment.

### Fed.R.Civ.P. 60(b)(2) Newly Discovered Evidence

5. On October 20, 2016, Plaintiff received a letter from Nick Oliver, the General Manager of AutoNation of Winter Park, admitting that Plaintiff had declined an arbitration agreement with AutoNation. A copy of the declination of arbitration was attached to the letter (Exhibit "A").

6. It is logically impossible for Plaintiff not to have an arbitration agreement with AutoNation, but for there then to materialize an arbitration agreement that was transferred from AutoNation to World Omni.

### Fed.R.Civ.P. 60(b)(3) Fraud

7. World Omni and its attorneys engaged in fraud by claiming it had an arbitration agreement with Plaintiff when they knew that it did not.

8. The Court should require that World Omni provide proof--actual admissible evidence--of an arbitration agreement with Plaintiff that was properly transferred to it by AutoNation.

### Fed.R.Civ.P. 60(b)(4) Void Judgment

9. Plaintiff has a constitutional right to a trial by jury in this case, which was wrongly denied by the Court. Denying him this constitutional right without affording him due process solely because of a false claim that there was an arbitration agreement between the parties renders the Court's Order void.

WHEREFORE, Plaintiff requests that the Court vacate its order for arbitration, or in the alternative schedule a hearing at which all pertinent witnesses testify under oath and provide all admissible evidence to determine whether or not there is an arbitration agreement.

Dated: October 31, 2016

Respectfully submitted,

*Larry Rumbough*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859

## CERTIFICATE OF CONFERENCE

Pursuant to M.D. Fla. L.R. 3.01(g), Plaintiff states that has conferred with Defendant World Omni's attorney, Ronald Trybus, on October 28, 2016 regarding this motion. Mr. Trybus opposed the motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be electronically mailed to all parties on the service list this 31st day of October, 2016:

*Larry Rumbough*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859