UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LARRY RUMBOUGH,**

    **Plaintiff,**

v.                                                                         Case No: 6:15-cv-869-Orl-41GJK

**SOUTHEAST TOYOTA FINANCE and**
**WORLD OMNI FINANCIAL CORP.,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion to Vacate Court's Order ("Motion to Vacate," Doc. 42) and Defendants' Response (Doc. 43). For the reasons set forth below, Plaintiff's Motion will be denied.

**I.     BACKGROUND**

This case, as relevant, arises out of *pro se* Plaintiff Larry Rumbough's claims against Defendants World Omni Financial Corp. ("World Omni") and its fictitious entity, Southeast Toyota Finance ("Southeast Toyota"). Plaintiff alleges that Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, when they allegedly obtained Plaintiff's credit report without authorization. (Compl., Doc. 1, at 4). The relevant facts pertaining to this dispute are summarized in this Court's April 14, 2016 Order ("April 14 Order," Doc. 32), which addressed World Omni's Amended Motion to Compel Arbitration (Doc. 29) based on an arbitration agreement between Plaintiff and World Omni. In the April 14 Order, the Court compelled Plaintiff to submit his claims against Defendants to arbitration and to file a report as to the status of the arbitration proceedings on or before July 15, 2016, and every 90 days thereafter. (Doc. 32 at 5).

Plaintiff never submitted his claims to arbitration or filed a report with the Court. On October 21, 2016, the Court held a telephone status conference with the parties to address Plaintiff's failure to comply with the Court's April 14 Order. (Min. Entry, Doc. 39, at 1). During the conference, Plaintiff informed the Court that he would be filing a motion to vacate the April 14 Order. (*Id.* at 1). In light of the upcoming December 2016 trial date, the Court directed Plaintiff to file said motion, or whatever else Plaintiff deemed necessary to prosecute this action, within the next week—that is, on or before October 28, 2016. On October 31, 2016, Plaintiff filed his untimely Motion to Vacate.

## II.     LEGAL STANDARD

District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007). For a claimant to prevail on a motion for reconsideration, the movant "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Lacy v. BP, PLC*,

11-Civ-21855-COOKE/TURNOFF, 2015 WL 11822160, at *1 (S.D. Fla. Nov. 4, 2015) (quotation omitted).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Id.* (quotation omitted). Stated differently, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted). To permit otherwise would "essentially afford[] a litigant two bites at the apple." *Am. Home Assurance Co. v. Gleen Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted).

### III. ANALYSIS

In the Motion to Vacate, Plaintiff argues that this Court's April 14 Order should be set aside pursuant to Federal Rule of Civil Procedure 60(b)(1)–(4). Plaintiff first argues that the Order should be vacated pursuant to Federal Rule of Civil Procedure 60(b)(1), which permits a court to "relieve a party . . . from a final judgment, order, or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect." This Court noted in the April 14 Order that Plaintiff's sole challenge to the existence of a valid arbitration agreement consisted of Plaintiff alleging that he neither recognized nor recalled signing the arbitration agreement at issue and that Plaintiff failed to present any evidence that the signature on the agreement was not his. Plaintiff claims that the Court erred because it is impossible for him to prove that he did not sign the arbitration agreement. As a result, Plaintiff argues that the Court should have required World Omni to prove the existence of a valid arbitration agreement.

Plaintiff's contention that he had an impossible task before him is erroneous. While this Court will not coach Plaintiff on his litigation strategy by proffering examples, the Court notes that Plaintiff could have, at the very least, attempted to substantiate his claim that the arbitration agreement is not valid with some evidence. More importantly, as clearly set out in this Court's April 14 Order, the Eleventh Circuit has indicated that the burden is on the party seeking to avoid arbitration to demonstrate that there is not a valid agreement to arbitrate. *See Magnolia Capital Advisors, Inc. v. Bear Sterns & Co.*, 272 F. App'x 782, 785 (11th Cir. 2008) (per curiam). This burden is not a light one. The party must "unequivocally deny" that an arbitration agreement existed and offer sufficient evidence to support its claim. *Id.* In light of the governing law, Plaintiff has not only failed to establish that this Court's prior Order should be vacated based on mistake, inadvertence, surprise, or excusable neglect, but Plaintiff asks this Court to misapply the law and reverse the burden of proof in direct contravention of Eleventh Circuit precedent. This Court refuses to do so.

Next, Plaintiff argues that this Court's Order should be set aside due to newly discovered evidence, citing Federal Rule of Civil Procedure 60(b)(2). In support of its argument, Plaintiff provides the Court with a letter from AutoNation Imports of Winter Park, Inc. ("AutoNation"), a prior Defendant in this action who was voluntarily dismissed by Plaintiff (*see* Pl.'s Voluntary Dismissal, Doc. 40), stating that Plaintiff had declined a separate arbitration agreement with AutoNation's fictitious entity designation, Courtesy Toyota, and that Courtesy Toyota never signed the agreement. (AutoNation Letter, Doc. 42-1, at 1). Attached to the letter is the separate arbitration agreement evidencing such declination. (*Id.* at 2).

Plaintiff already provided this separate arbitration agreement to the Court when it filed its Response to Defendants' Amended Motion to Compel Arbitration, (*see* Declined Arbitration

Agreement, Doc. 30-1, at 3), and it was considered by the Court in rendering its decision in the April 14 Order, (*see* Doc. 32 at 4 ("That Plaintiff rejected a separate arbitration agreement with Courtesy Toyota Scion has little bearing on the arbitration provision in the Agreement at issue.")). Accordingly, the letter Plaintiff allegedly received on October 20, 2016, is not new evidence as it does not provide the Court with any new facts or additional information. *See Consorcio Ecuatoriano De Telecommunicaciones S.A. v. Jas Forwarding (USA), Inc.*, 747 F.3d 1262, 1274 (11th Cir. 2014) (listing the requirements for a claimant to be entitled to relief based on newly discovered evidence under Rule 60(b)(2) and noting that the "evidence must not be merely cumulative"); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) ("A motion for reconsideration cannot be used to relitigate old matters . . . ." (quotation omitted)).

Moreover, contrary to Plaintiff's assertion, the separate arbitration agreement is not relevant to whether the arbitration agreement with World Omni is valid and enforceable, and therefore, the letter does not affect the outcome of this case with regards to Plaintiff's obligation to arbitrate his claims with Defendants World Omni and Southeast Toyota. *Billings v. Unum Life Ins. Co. of Am.*, 205 F. App'x 775, 776 (11th Cir. 2006) (noting that relief is not warranted under Rule 60(b)(2) where the "'newly discovered' evidence would not have affected the outcome of th[e] case"). Specifically, Plaintiff argues that it is impossible for him to have an arbitration agreement with World Omni when he declined to enter an arbitration agreement with World Omni's predecessor in interest, AutoNation. Plaintiff's argument ignores the fact that there were two separate arbitration agreements—one that Plaintiff declined and one to which Plaintiff agreed.[1] It is the latter that is applicable here. Thus, Plaintiff's declination of the first agreement is

---

[1] It appears that the declined arbitration agreement was associated with the purchase agreement, (*see* Doc. 30-1 at 1, 3), while the accepted arbitration agreement was associated with the finance agreement, (*see* Finance Agreement, Doc. 29-2 at 1, 4).

entirely irrelevant, and this Court declines to set aside its Order pursuant to Federal Rule of Civil Procedure 60(b)(2).

Plaintiff next avers that this Court's Order should be vacated under Federal Rule of Civil Procedure 60(b)(3) because, according to Plaintiff, World Omni and its attorneys engaged in fraud. To obtain relief from a judgment under Rule 60(b)(3), which expressly permits orders to be set aside based on "fraud . . . , misrepresentation, or misconduct by an opposing party," the party seeking relief "must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct." *Waddell v. Hendry Cty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003). Having only generally alleged that World Omni and its attorneys engaged in fraud, Plaintiff has failed to satisfy this burden. Moreover, despite Plaintiff's contention otherwise, as previously discussed, there is record evidence of a valid arbitration agreement, which Plaintiff entered and which was assigned to World Omni. (*See* Doc. 29-2 at 2, 4). Thus, the Court denies Plaintiff's request to vacate its previous Order pursuant to Federal Rule of Civil Procedure 60(b)(3).

Plaintiff's final basis for relief is Federal Rule of Civil Procedure 60(b)(4), which provides that a court may "relieve a party . . . from a final judgment" if "the judgment is void." "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short . . . ." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (internal citation omitted). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a . . . jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. Plaintiff premises his Rule 60(b)(4) argument on an alleged violation of due process. Plaintiff asserts that this Court's previous Order violated his due process rights, and is therefore

void, because it is based upon the false claim that there is an arbitration agreement. As discussed at length above, the arbitration agreement is valid, and Plaintiff's argument is without merit.

Plaintiff requests that, in the alternative, the Court schedule a hearing so that all pertinent witnesses can testify under oath and provide admissible evidence to determine whether or not there is an arbitration agreement. However, a district court need not hold a hearing where it has "a detailed record of the evidence before it" and where the party requesting the hearing does "not adequately indicate how . . . a hearing w[ill] . . . aid[] the court's determination." *S.E.C. v. Lauer*, 610 F. App'x 813, 821 (11th Cir. 2015) (quotation omitted); *see also Lugo v. Sec'y, Fla. Dep't of Corrs.*, 750 F.3d 1198, 1209 (11th Cir. 2014) ("A petitioner must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue." (quotation omitted)). In the Motion to Vacate, Plaintiff continues to make the same arguments and rely upon the same evidence that this Court rejected in the April 14 Order. Plaintiff fails to provide the Court with any new facts or evidence that would impact the Court's previous decision to compel Plaintiff to arbitrate his claims with Defendants. Therefore, this Court declines to schedule an evidentiary hearing for this matter.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion to Vacate (Doc. 42) is **DENIED**.
2. Plaintiff shall comply with this Court's April 14, 2016 Order. Specifically:
   a. Plaintiff is compelled to submit his claims against Defendants World Omni Financial Corp. and Southeast Toyota Finance to arbitration.
   b. This case shall remain **STAYED**.
   c. On or before **February 16 2017**, and every 90 days thereafter, Plaintiff shall file a Report as to the status of the arbitration. Additionally, within 14 days of

the resolution of the arbitration proceedings, Plaintiff shall notify the Court. Failure to comply may result in dismissal without further notice.

d. The Clerk is directed to Administratively Close this case.

**DONE** and **ORDERED** in Orlando, Florida on November 21, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party